IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:07cr285-MHT |
| TOMMY JORDAN | ) | (WO) |

OPINION AND ORDER

This cause is before the court on defendant Tommy Jordan's unopposed motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for June 23, 2008, should be continued pursuant to 18 U.S.C. § 3161(h)(8).

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an

> offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

Id. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Id. § 3161(h)(8)(A). In granting such a continuance, the court may consider, among other factors, "whether the case is so unusual or so complex, due to the number of defendants, the nature of prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act]." Id. § 3161(h)(8)(B)(ii).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the

interest of the public and Jordan in a speedy trial. Additional time is needed by counsel for the defendant to prepare adequately for trial in this complex income-tax-preparation case that involves hundreds of pages of discovery and numerous witnesses.

Accordingly, it is ORDERED as follows:

(1) Defendant Tommy Jordan's motion for continuance (doc. no. 11) is granted.

(2) The jury selection and trial, now set for June 23, 2008, are reset for September 22, 2008, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 2nd day of May, 2008.

    /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE