IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:07cr285-MHT |
| TOMMY JORDAN | ) | (WO) |

## OPINION AND ORDER

Defendant Tommy Jordan was found guilty of one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and 26 counts of filing false income tax returns, and aiding and abetting the same, in violation of 26 U.S.C. § 7206(2) and 18 U.S.C. § 2. The court sentenced Jordan to 97 months in prison and ordered him to surrender for service of his sentence by September 3, 2009. This case is now before the court on Jordan's 'eleventh hour' motion to remain free on bond pending disposition of his appeal. For the reasons that follow, this motion will be denied.

The Bail Reform Act of 1984, 18 U.S.C. § 3143, provides that the district court shall order detention of

a person who has been convicted and sentenced to a term of imprisonment.  Under § 3143, the court presumes that detention is valid despite a pending appeal, and the defendant bears the burden of overcoming the presumption and proving that release is appropriate.  See Morison v. United States, 486 U.S. 1306 (Rehnquist, Circuit Justice 1988); United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985) (per curiam), cert. denied, 479 U.S. 1018 (1986).  In order to release a defendant pending appeal, the district court must make the following findings:

> "(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released ...; [and]
>
> "(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
>
> (i) reversal,
>
> (ii) an order for a new trial,
>
> (iii) a sentence that does not include a term of imprisonment, or

> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

18 U.S.C. § 3143(b)(1); see also Giancola, 754 F.2d at 901.

The Eleventh Circuit has defined a substantial question of law for purposes of § 3143 in the following manner:

> "[A] 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way. Further, there are no blanket categories for what questions do or do not constitute 'substantial' ones. Whether a question is 'substantial' must be determined on a case-by-case basis."

Giancola, 754 F.2d at 901. In order to be released pending his appeal, then, Jordan must show by clear and convincing evidence that he is not a flight risk or a danger to the community or appealing for the sake of delay, and that he is raising a substantial question of

law on appeal that is likely to result, for example, in reversal or a new trial.

The court need not address whether Jordan poses a risk of flight or danger because Jordan has not carried his burden of showing that his pending appeal raises a substantial question of law.  In support of his motion, Jordan states only that he "was convicted by the jury on several charges on which there was insufficient evidence to sustain conviction." Def.'s Motion at 1 (Doc. 83). He provides no reason for the court to conclude that this issue is a 'close question' or otherwise substantial.

The court has already addressed, and denied, Jordan's motion for a new trial.  In that motion, Jordan raised a similar argument, contending that, "For some of the counts in the indictment there was insufficient evidence to sustain a conviction." Def.'s Motion for New Trial at 1 (Doc. 54).  Nothing in that motion, however, gives the court any additional reason to find that Jordan's appeal

4

raises a substantial question. In short, Jordan has failed to meet the demands of § 3143(b)(1).

Accordingly, it is ORDERED that defendant Tommy Jordan's motion to remain free on bond pending disposition of his appeal (doc. no. 83) is denied.

DONE, this the 1st day of September, 2009.

                         /s/ Myron H. Thompson
                         **UNITED STATES DISTRICT JUDGE**